**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4232

VICTOR WILLIAM HARGRAVE, a/k/a
David Lee Hargrave,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
James A. Beaty, Jr., District Judge.
(CR-95-186)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel S. Johnson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victor William Hargrave pled guilty to conspiracy to possess more than 50 grams of crack cocaine with intent to distribute, 21 U.S.C. § 846 (1994), and was sentenced to 360 months imprisonment. He appeals his sentence, arguing that the district court clearly erred in finding that he obstructed justice, USSG § 3C1.1,[1] that he did not accept responsibility, USSG § 3E1.1, that he was an organizer or supervisor, USSG § 3B1.1(c), and that cash seized from a codefendant's safe was attributable to him as relevant conduct, USSG § 1B1.3, and properly converted to its crack equivalent. We affirm.

We review the district court's factual determinations related to sentencing for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). When the court decided to accept the probation officer's recommendations over Hargrave's objection, it had before it the following information. In September 1994, police in Lexington, North Carolina, attempted the controlled delivery of a package containing crack and marijuana which had been mailed to Cindy Graham from Ontario, California. Graham was not home, but came to the post office the next day to pick up the package accompanied by Hargrave. When Hargrave noticed that police were present, Hargrave and Graham left. Graham later told police that she had previously received a package of crack from Ontario, California, for Hargrave. She had also wired a total of $13,944.55 to Kevin Puckett in Ontario, California, at Hargrave's direction.

In May 1995, a search warrant was executed at Kevin Puckett's Lexington residence after a confidential informant bought crack from him there. In a safe in his bedroom, police found 25.9 grams of crack

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

and $24,714 in cash. A firearm was also in the room. On June 9, 1995, police attempted to stop Puckett's car in which Hargrave was a passenger. Both men were suspected of a break-in at a self-storage unit which was rented by Kecia Puckett (Hargrave's sister and Kevin Puckett's wife). During the chase which followed, a bag containing crack was thrown from the vehicle. More crack and $2000 in cash were found in the vehicle after it was stopped. The next day, a search warrant was executed at the self-storage unit. Police seized 138.4 grams of crack, $870 in cash and four handguns from the unit. Hargrave and Kevin Puckett were arrested shortly afterward.

A month later, Kecia Puckett was interviewed by an agent of the Drug Enforcement Administration and a police detective. She told them that Hargrave had called her from jail, told her that the crack found in the storage unit belonged to him and Kevin Puckett, but that he would not be convicted for it because the unit was not in his name, and urged her to tell the police that the crack belonged to Kevin Puckett because he was a lost cause anyway.

Kecia Puckett modified her story at Hargrave's sentencing hearing. Testifying on Hargrave's behalf, she said he had not asked her to lie. The federal agent and the police detective testified that she had previously told them Hargrave did ask her to lie to help him. On these facts, the district court did not clearly err in finding that Hargrave had obstructed justice by attempting to unlawfully influence a witness. USSG § 3C1.1, comment. (n.3(a)).[2] In consequence, an adjustment for acceptance of responsibility was not warranted. Hargrave's is not an extraordinary case where both adjustments might apply. USSG § 3E1.1, comment. (n.4).

Because Hargrave directed Cindy Graham's actions in furtherance of the conspiracy, the district court did not clearly err in awarding him a two-level adjustment for having an aggravated role such as a leader or supervisor. Finally, there was ample evidence that Hargrave and Kevin Puckett were involved in a joint criminal activity and that the large amount of cash found with crack in Puckett's safe was part of that criminal activity. Therefore, the district court properly converted

---

[2] Hargrave also gave a false Social Security number to the probation officer.

the money to its crack equivalent to more accurately reflect the scale of the offense. <u>See United States v. Hicks</u>, 948 F.2d 877, 882-83 (4th Cir. 1991); USSG § 2D1.1, comment. (n.12).

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4